IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| ANDREA T. ROBINSON, | : |
| Plaintiff, | : |
| v. | : Civil No. 21-11289 (RBK/SAK) |
| METRO PUBLIC ADJUSTMENT INC, *et al.*, | : **OPINION** |
| Defendants. | : |

**KUGLER**, United States District Judge:

This matter comes before the Court upon Defendant Stillwater Property & Casualty Insurance Company's ("Stillwater") Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56. (ECF No. 39) (the "Motion"). For the reasons set forth below, Stillwater's Motion is **GRANTED**.

    I.    **BACKGROUND**

Plaintiff Andrea T. Robinson's ("Plaintiff") property suffered casualty and fire loss on January 8, 2015. (ECF No. 1, Ex. A at ¶ 3 ("Compl.")). The property was covered by an insurance policy provided by Stillwater, and Plaintiff notified Stillwater of the damage the day of the loss. (*Id.*). Sometime after the loss, Plaintiff contracted with Metro Public Adjustment, Inc. ("MPA") to resolve her claims against Stillwater. (*Id.*).

Plaintiff's insurance policy with Stillwater included an Appraisal clause, which provides that, if the parties "fail to agree on the amount of loss, either may demand an appraisal of the loss." (ECF No. 39, Statement of Undisputed Material Facts ¶ 4; *see also* ECF No. 55-1

1

(admitting to ¶¶ 1–6 of Defendant's Statement of Undisputed Material Facts)). Under the Appraisal clause, once a demand for appraisal is made, each party would choose a competent and impartial appraiser, and the two appraisers would choose an umpire. (ECF No. 39, Statement of Undisputed Material Facts ¶ 4). If the two appraisers come to an agreement as to the amount of loss, the agreed-upon amount "will be" the amount of loss. (*Id.*).

On February 12, 2016, Plaintiff, through MPA, sent Stillwater a demand for appraisal. (ECF No. 39, Ex. B). Stillwater responded to Plaintiff's demand and named its appraiser, in accordance with the Appraisal clause, on March 31, 2016. (ECF No. 39, Statement of Undisputed Material Facts ¶ 5). On September 30, 2016, Plaintiff's and Stillwater's appraisers issued an Appraisal Award, which set the agreed-upon amount of loss for the January 8, 2015 fire damage. (ECF No. 39, Ex. E). The total award less deductions came to $189,763.54. (*Id.*). The appraisers for both parties signed the Appraisal Award. (*Id.*).[1]

Plaintiff's insurance policy with Stillwater also included a "Suit Against Us" clause, which provides: "No action can be brought against us unless there has been full compliance with all of the terms under SECTION 1 of this policy and the action is started within one year after the date of loss."[2] (ECF No. 39, Statement of Undisputed Material Facts ¶ 11). On November 9, 2016, Stillwater issued three checks to payable to MPA and Plaintiff in the amounts of $6,959.2, $16,230.69, and $4,835.68, satisfying the remainder of the balance due under the Appraisal

---

[1] The Court notes that Plaintiff objects to the validity of this Award on the ground that "the appraiser selected by defendant, Metro Public Adjuster, Inc., was not authorized to sign off on the Appraisal and Award and was specifically instructed not to do so." (ECF No. 55-1 (denying ¶ 7 of Defendant Stillwater's Statement of Undisputed Material Facts)). This argument will be addressed below.

[2] The Court notes that, although Plaintiff does not dispute that the Suit Against Us provision was present in the insurance policy, Plaintiff argues she is not bound by this provision because "Plaintiff's signature is not affixed to the contract of insurance." (ECF No. 55-1 (denying ¶¶ 10–12 of Defendant Stillwater's Statement of Undisputed Material Facts)). The Court will address this argument in the discussion below.

2

Award. (ECF No. 39, Ex. F). On December 5, 2016, Stillwater sent Plaintiff a letter explaining that these payments satisfied the entirety of the Appraisal Award. (ECF No. 39, Ex. G). That letter also reminded Plaintiff of the Suit Against Us provision. (*Id.*). Plaintiff denies that these payments satisfied the amount owed to her and further denies that Stillwater sent the December 5, 2016, letter. (ECF No. 55-1 (denying ¶¶ 8, 9 of Defendant Stillwater's Statement of Undisputed Material Facts)).

Plaintiff filed the instant suit on January 7, 2021. The Complaint brings claims against Stillwater for breach of contract and breach of the covenant of good faith and fair dealing. (Compl. ¶¶ 12–13, 17). Plaintiff's claims are based on allegations that Stillwater "engaged in a pattern and practice of underpaying or not paying plaintiff for her loss as required by the policy of casualty and fire insurance it sold to the plaintiff." (*Id.* ¶ 11). Plaintiff further alleges that Stillwater breached by delaying payment, causing "an extreme delay in the repair and restoration of the damaged residence . . . ." (*Id.* at ¶ 13).

Stillwater argues it is entitled to summary judgment as to Plaintiffs' claims against it because (1) Plaintiff's claims are time-barred under the Suit Against Us provision and (2) Plaintiff's claims lack merit because there was no denial of benefits. Plaintiff argues that Stillwater's Motion for Summary Judgment should be denied because neither the Suit Against Us provision nor the Appraisal clause "can be legally or equitably applied to the Plaintiff." (ECF No. 55 at 3). Plaintiff further argues summary judgment should not be granted because the Appraisal Award was invalid. (ECF No. 55 at 5).

**II.    LEGAL STANDARD**

A court should grant a motion for summary judgment when the moving party "shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a

matter of law." Fed. R. Civ. P. 56(a). An issue is "material" to the dispute if it could alter the outcome, and a dispute of a material fact is "genuine" if "a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) ("Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'") (quoting *First National Bank of Arizona v. Cities Service Co.*, 391 U.S. 253, 289 (1968)). In deciding whether there is any genuine issue for trial, the court is not to weigh evidence or decide issues of fact. *Anderson*, 477 U.S. at 248. Because fact and credibility determinations are for the jury, the non-moving party's evidence is to be believed and ambiguities construed in his favor. *Id.* at 255; *Matsushita*, 475 U.S. at 587.

Although the movant bears the burden of demonstrating that there is no genuine issue of material fact, the non-movant likewise must present more than mere allegations or denials to successfully oppose summary judgment. *Anderson*, 477 U.S. at 256. The nonmoving party must at least present probative evidence from which a jury might return a verdict in his favor. *Id.* at 257. The movant is entitled to summary judgment where the non-moving party fails to "make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

### III.   DISCUSSION

Stillwater asserts two independent grounds for summary judgment: (1) Plaintiff filed the suit after the one-year period required by the insurance policy, and therefore Plaintiff's claims against Stillwater are time-barred; and (2) Plaintiff is bound by the Appraisal Award and

Stillwater made payments satisfying that Award.[3] Plaintiff argues that the Suit Against Us provision and the Appraisal clause cannot be equitably enforced against her. We will first address Plaintiff's argument that these provisions cannot be equitably enforced against her. We will then address whether the Suit Against Us provision and satisfaction of the Appraisal Award require summary judgment to be granted in favor of Stillwater.

### A. Enforceability of the Suit Against Us Provision and the Appraisal Clause

Plaintiff argues the Suit Against Us provision and the Appraisal clause are unenforceable against her because her signature is not affixed to the insurance contract and because the contract is a contract of adhesion. (ECF No. 55 at 4–5; ECF No. 55-1 (denying ¶¶ 10–12 of Defendant Stillwater's Statement of Undisputed Material Facts)). Plaintiff cites to *Martindale v. Sandvik, Inc.*, 173 N.J. 76 (2002), in support of this argument. However, that case also stands for the proposition that finding a contract to be a contract of adhesion "does not render the contract automatically void." *Id.* at 89. In order to determine whether to enforce a contract of adhesion, a court must consider several factors, including "the subject matter of the contract, the parties' relative bargaining positions, the degree of economic compulsion motivating the 'adhering' party, and the public interests affected by the contract." *Id.* (quoting *Rudbart v. North Jersey Dist. Water Supply Commission*, 127 N.J. 344, 356 (1992)).

---

[3] Stillwater's brief also contains a section allegedly arguing that Plaintiff's breach of good faith and fair dealing claim is "moot." (ECF No. 39 at 10–11). Mootness is a legal doctrine, derived from the Article III standing requirements, under which a live case or controversy must exist throughout the stages of a litigation in order for federal courts to maintain jurisdiction. *Deakins v. Monaghan*, 484 U.S. 193 (1988). The substance of Stillwater's argument, however, was not that Plaintiff's claim no longer presents a live controversy, but that Plaintiff's claim lacks merit because "there was no denial of benefits." (ECF No. 39 at 11). This argument is the same as Stillwater's argument that Plaintiff is bound by the Appraisal Award and Stillwater made payments satisfying that award.

Plaintiff's brief fails to provide any analysis of the unenforceability of the contract's terms and points to no evidence to show that the provisions are unenforceable. Because Plaintiff has failed to provide more than mere allegations as to the unenforceability of these two provisions, *Anderson*, 477 U.S. at 256, we find that there is no genuine dispute that the provisions are enforceable.

### B.  Suit Against Us Provision

Defendant argues it is entitled to summary judgment because Plaintiff's claims are barred by the Suit Against Us provision, which provides: "No action can be brought against us unless there has been full compliance with all of the terms under SECTION 1 of this policy and the action is started within one year after the date of loss." According to Defendant's calculation of the tolling of this time limitation, Plaintiff's claims expired on December 7, 2017. (ECF No. 39 at 4). Plaintiff does not deny that the insurance policy contained the Suit Against Us provision, nor does Plaintiff dispute Defendant's tolling calculation.

Plaintiff argues that Defendant is barred from raising this defense under the "law of the case" doctrine (ECF No. 55 at 3–4), citing this Court's earlier decision denying a portion of Defendant's Motion to Dismiss (ECF No. 29). Plaintiff misunderstands either the law of the case doctrine or this Court's reasoning in its earlier decision. "The law of the case doctrine directs courts to refrain from re-deciding issues that were resolved earlier in the litigation." *Public Interest Research Group of New Jersey, Inc. v. Magnesium Elektron, Inc.*, 123 F.3d 111, 116 (3d Cir. 1997). The law of the case doctrine does not prevent consideration of an issue that has not yet been resolved. In our Opinion denying, in part, Defendant's Motion to Dismiss, the Court rejected Stillwater's time-bar argument because it depended on evidence not found on the face of the complaint, that is, the language of the Suit Against Us provision. (ECF No. 29 at 4–5).

Because the Court concluded that it could only consider that external evidence if we converted the Motion to Dismiss into a motion for summary judgment, and the Court declined to do so, we did not consider the time-bar argument in deciding Defendant's Motion to Dismiss. (*Id.*). The time-bar issue was neither considered nor resolved earlier in this litigation, and therefore the law of the case doctrine does not prevent it from being considered now.

The Suit Against Us provision is substantially the same as the standard provision under New Jersey's fire insurance policy statute. N.J.S.A. 17:36-5:20.[4] New Jersey courts have held the period of limitation under this standard provision begins to run on the date of the loss but is tolled "from the time an insured gives notice [of the loss] until liability is formally declined." *Peloso v. Hartford Fire Ins. Co.*, 56 N.J. 514 (1970). The period of limitation tolls so long as the insured and insurer are engaged in negotiations, and the tolling period ends when the insurer informs the insured "of its . . . final determination of the claim." *Meadows Knitting Co. v. Affiliated FM Insurance Co.*, 2006 WL 2591079, at *3 (D.N.J. Sept. 8, 2006) (*citing Peloso*, 56 N.J. 514); *see also Gahnney v. State Farm Ins. Co.*, 56 F.Supp. 2d 491, 495 (D.N.J. 1999) ("[A]ccording to New Jersey law, the negotiation period tolls the statute of limitations."). Where a claim under the insurance policy is resolved by the appraisal process, the tolling period ends when the appraisal award is issued. *Gahnney*, 56 F.Supp. 2d at 496 (finding the tolling period ended on the date the plaintiffs received the appraisal award).

Here, it is undisputed that the date of the loss was January 8, 2015, and it is undisputed that Plaintiff gave notice to Stillwater of the loss on the same date. Therefore, the limitation

---

[4] The language of the standard provision under the statute is as follows: "Suit. No suit or action on this policy for recovery of any claim shall be sustainable in any court of law or equity unless all the requirements of this policy shall have been complied with, and unless commenced within twelve months next after inception of loss." N.J.S.A. 17:36-5:20 lines 157–61.

period began tolling on January 8, 2015. The Appraisal Award bears the date September 30, 2016, although it was signed by Plaintiff's appointed appraiser on October 3, 2016. (ECF No. 39, Ex. E). Neither party has provided information to the Court regarding the date on which Plaintiff first received notice of the Appraisal Award. However, Stillwater asserts that it issued a "coverage position letter" to Plaintiff on December 5, 2016. (ECF No. 39, Statement of Undisputed Material Facts ¶ 9). Defendant included the coverage position letter as an exhibit to its brief in support of its Motion. (ECF No. 39, Ex. G). The letter is addressed to MPA, who was undisputedly hired by Plaintiff to resolve her claims with Stillwater. (*Id.*). The letter provided "an explanation of the appraisal award," explained that Stillwater had completed payments under the award, and reminded Plaintiff of the Appraisal clause and the Suit Against Us provision. (*Id.*). Therefore, based on the evidence offered by Stillwater, the tolling period ended on December 5, 2016, the day Plaintiff was notified of the Appraisal Award.

Plaintiff denies Stillwater's assertion that Stillwater issued her a coverage position letter (ECF No. 55-1 (denying ¶ 9 of Defendant's Statement of Undisputed Material Facts)), gesturing to the twenty-nine-page 8/1/22 Answers to Interrogatories of A. Robinson (ECF No. 55-2) (the "Answers") as evidence of this denial without providing a precise page number nor explaining how the Answers support Plaintiff's denial. The Court has reviewed the Answers, which are in fact answers to interrogatories sent by MPA, the other defendant in this case. The Answers have nothing to do with the facts asserted by Stillwater or Plaintiff's claims against Stillwater.

A dispute of a material fact is "genuine" if "a reasonable jury could return a verdict for the non-moving party." *Anderson*, 477 U.S. at 249. The nonmoving party must at least present probative evidence from which a jury might return a verdict in his favor. *Id.* at 256. Stillwater has provided evidence demonstrating that Plaintiff was aware of the Appraisal Award, at the

latest, by December 5, 2016, when Stillwater sent the coverage position letter. Although Plaintiff denies that this letter was issued, Plaintiff offers no probative evidence to contradict the evidence Stillwater provides. The Court finds that a reasonable jury could not find in favor of the Plaintiff on the question of whether Plaintiff received notice of the appraisal award by December 5, 2016.

The Suit Against Us provision precludes claims brought against Stillwater one year after the date of loss, which was January 8, 2015. Under *Peloso*, the one-year limitation was tolled until Plaintiff received notice of the appraisal award on December 5, 2016. Therefore, the Suit Against Us provision precludes claims brought against Stillwater after December 5, 2017. Plaintiff filed the instant suit on January 7, 2021, more than three years after that deadline.

Because Plaintiff filed her claims against Stillwater three years after the contracted statute of limitations expired, Plaintiff's claims are time-barred. The Court finds Stillwater is entitled to summary judgment in its favor on this ground.

### C.  Satisfaction Under the Appraisal Award

Although the Suit Against Us provision's time limitation provides sufficient grounds to grant summary judgment in favor of Stillwater, in the interest of thoroughness and in case of appeal, the Court will analyze Stillwater's argument that its satisfaction of payment pursuant to the Appraisal Award also requires summary judgment be granted in its favor. Stillwater argues that Plaintiff is bound by the Appraisal clause, an Award was issued pursuant to the clause, and payment was made satisfying the Award; therefore, there was no denial of benefits on which Plaintiff's claims against Stillwater can stand. Plaintiff objects to the validity of the Award on the basis that she "never agreed to the appraisal award." (ECF No. 55 at 5).

It is undisputed that the Appraisal clause provides in its entirety:

9

> If you and we fail to agree on the amount of the loss, either may demand an appraisal of the loss. In this event, each party will choose a competent and impartial appraiser within 20 days after receiving a written request from the other. The two appraiser[s] will choose an umpire. If they cannot agree upon an umpire within 15 days, you or we may request that the choice be made by a judge of a court of record in the state where the "residence premises" is located. The appraisers will separately set the amount of loss. If the appraisers submit a written report of an agreement to us, the amount agreed upon will be the amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will set the amount of loss.

(ECF No. 39, Statement of Undisputed Material Facts ¶ 4). It is undisputed that Plaintiff made a demand for appraisal, through MPA, on February 12, 2016, and that Stillwater named its appraiser on March 31, 2016. (ECF No. 39, Exs. B, D; ECF No. 39, Statement of Undisputed Material Facts ¶¶ 3, 5; ECF No. 55-1 (admitting to ¶¶ 3, 5 of Defendant's Statement of Undisputed Material Facts)). It is undisputed that Plaintiff's claim under the insurance policy was submitted to appraisal and an Award was entered on September 30, 2016. (ECF No. 39, Ex. E; ECF No. 39, Statement of Undisputed Material Facts ¶ 6; ECF No. 55-1 (admitting to ¶ 6 of Defendant's Statement of Undisputed Material Facts)).

Plaintiff disputes that the Appraisers in fact agreed to the amount of loss. (ECF No. 55-1 (denying ¶ 7 of Defendant's Statement of Undisputed Material Facts)). Plaintiff argues that "the appraiser selected by . . . Metro Public Adjuster, Inc. was not authorized to sign off on the Appraisal and Award and was specifically instructed not to do so." (*Id.*).[5] This argument fails. The undisputed language of the Appraisal clause unambiguously describes the procedure to be followed once an appraisal is demanded, and that procedure was followed here. The Appraisal

---

[5] Plaintiff also argues the Award is not valid because "Plaintiff's signature is not on that document although there is a signature line for her on that document." (ECF No. 55-1 (denying ¶¶ 10–12 of Defendant's Statement of Undisputed Material Facts)). It is unclear to the Court what document Plaintiff refers to. There is certainly no signature line for Plaintiff on the Appraisal Award document. (ECF No. 55, Ex. E). Plaintiff did not attach any other documents to her brief opposing the instant Motion.

clause provides that "[i]f the appraisers submit a written report of an agreement to us, the amount agreed upon *will be* the amount of loss" (emphasis added). Plaintiff does not dispute that an Appraisal Award was entered on September 30, 2016. In that document, the two appraisers represented that they had come to an agreement as to the amount of loss to Plaintiff's property. (ECF No. 39, Ex. E). Therefore, the appraisers submitted a written agreement to the parties to the insurance contract; under the Appraisal clause, the amount agreed upon by the appraisers is the amount of loss. There is no language in the Appraisal clause indicating that Plaintiff would have the ability to "instruct" the appraiser appointed by her agent *not* to sign off on the written agreement. Indeed, such a power would defeat the very purpose of the Appraisal clause.

The Court finds that Plaintiff offers no evidence that could allow a jury to find in her favor as to the validity of the Appraisal Award. Therefore, the amount of loss is the amount agreed to by the appraisers. Stillwater provides significant probative evidence that it paid Plaintiff the entirety of the amount agreed to by the appraiser. (ECF No. 39, Exs. F, G). Plaintiff provides no evidence that any amount remains due to her under the Appraisal Award, and thus makes no showing that there has been a denial of benefits. Plaintiff also alleges that Stillwater breached their contract and the covenant of good faith and fair dealing by delaying issuance of payment to Plaintiff. (Compl. ¶ 12). Under the insurance policy, the loss became payable 60 days after the Appraisal Award was issued. (ECF No. 39, Ex. C at 16 ("Loss Payment")). Stillwater provides evidence that payment was issued on November 9, 2016, or forty-six days after the Award was issued. Plaintiff provides no evidence that payment was delayed.

The Court finds that Stillwater is entitled to summary judgment because there is no genuine dispute of material fact as to whether Stillwater denied any benefits to Plaintiff or delayed payments to Plaintiff.

## IV.    CONCLUSION

For the reasons expressed above, Defendant Stillwater's Motion for Summary Judgment is **GRANTED**. An Order follows.


Dated: 12/5/2022                             /s/ Robert B. Kugler
                                              ROBERT B. KUGLER
                                              United States District Judge